**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DONNIE HARRIS,** | : | |
| | : | |
| **Petitioner** | : | |
| | : | **CIVIL NO. 3:CV-09-2113** |
| **v.** | : | |
| | : | **(Judge Caputo)** |
| **Pennsylvania Board of Probation** | : | |
| **and Parole,** *et al.,* | : | |
| | : | |
| **Respondents** | : | |

**O R D E R**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Donnie Harris filed this petition for writ of habeas corpus pursuant to 28 U.S.C. §
2254[1] challenging actions of the Pennsylvania Board of Probation and Parole (the Board)
of repeatedly denying him reparole between 2006 and 2008 based on new criminal
charges accrued while previously on parole. (Doc. 1, Pet.) Additionally, he argues the
Board's May 19, 2009 decision granting him reparole upon his "completion of violence
prevention and sex offender program" and then only to a "specialized community
corrections center" for sex offender programs violates his Due Process rights. (*Id*. and
Doc. 10-8 at pp. 2-4, May 19, 2009, Notice of Board Decision). On June 9, 2010, Donnie

---

[1] For the convenience of the reader of this Memorandum/Opinion in electronic format,
hyperlinks to the Court's record and to authority cited herein have been inserted. The Court accepts
no responsibility for, and does not endorse, any product, organization, or content any hyperlinked site,
or at any site to which that site might be linked. The Court accepts no responsibility for the availability
or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to
some other site does not affect the opinion of this Court.

Harris filed a Notice of Change of Address with the Court indicating he was released from state custody on June 8, 2010. (Doc. 15). For the reasons set forth below, Mr. Harris' petition will be dismissed as moot.

Generally, when a prisoner is challenging the execution of his sentence (rather than the underlying conviction) pursuant to a petition for writ of habeas corpus, the petition becomes moot if the prisoner completes his term of imprisonment before the habeas corpus proceedings have concluded. *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998); *Williams v. Sherman*, 214 Fed. App'x. 264, 266 (3d Cir. 2007). This rule stems from the well-established principle that federal courts do not have jurisdiction to decide an issue unless it presents a live case or controversy as required by Article III, § 2 of the United States Constitution. *Spencer*, 523 U.S. at 7, 118 S.Ct. at 983. "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . The parties must continue to have a 'personal state in the outcome' of the lawsuit." *Id*. (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990)). Thus, if developments occur during the course of adjudication that eliminate a petitioner's personal stake in the outcome of a suit or prevent a court from being able to grant effective relief, the case must be dismissed as moot. *See County of Morris v. Nationalist Movement*, 273 F.3d 527, 533 (3d Cir. 2001)(citing *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996).

In the instant case, Donnie Harris did not challenge the validity of his underlying conviction or sentence, rather he challenged his continued denial of parole and then the

Board's conditional grant of parole pending his satisfaction of certain programming

requirements. Because he has been released on parole, the legal injury he asserts in his

petition no longer remains for this Court to remedy; he no longer has the requisite

"personal stake in the outcome" of the litigation. *See Spencer*, 523 U.S. at 7, 118 S.Ct. at

983. Without an injury, Mr. Harris presents no case or controversy. His claim is moot.

**ACCORDINGLY, THIS 29th DAY OF JULY, 2010, IT IS HEREBY ORDERED**

**THAT:**

> 1. The petition for writ of habeas corpus (Doc. 1) is dismissed
> as moot.
>
> 2. The Clerk of Court is directed to close this file.

> **/s/ A. Richard Caputo**
> **A. RICHARD CAPUTO**
> **United States District Judge**